IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA KIMBLE,**

    **Petitioner,**

v. // CIVIL ACTION NO. 1:07CV104
    CRIMINAL NO. 1:06CR21-2
    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 3, 2007, pro se petitioner, Barbara Kimble ("Kimble"), filed a petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.15. After receiving briefing from both parties, on June 19, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Kimble's motion under § 2255 be denied and the case be dismissed.

Kimble pled guilty to aiding and abetting in possession with intent to distribute crack cocaine on May 25, 2006. In the plea agreement, the parties stipulated that the total relevant conduct was at least 150 grams but less than 500 grams of crack cocaine. Kimble was sentenced on September 27, 2006 to 135 months of imprisonment with credit for time served from May 17, 2006.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

In her § 2255 petition, Kimble asserts claims of ineffective assistance of counsel and argues that her rights were violated because she was not served with a copy of the search warrant. Magistrate Judge Kaull thoroughly reviewed each of the four alleged instances of ineffective assistance of counsel, and correctly applied the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), but found no evidence of deficient performance by her counsel, nor any evidence that, but for counsel's errors, Kimble would not have pleaded guilty. He further concluded that Kimble had no basis for her factual assertion that she was not served with a copy of the search warrant in her case, given that she signed the Property Receipt form as the owner of the items seized during the execution of the search warrant, and that the Government represented that Kimble was present during the search, and was served with a copy of the warrant at that time.

For these reasons, Magistrate Judge Kaull recommended denying Kimble's § 2255 petition and dismissing the case with prejudice. The Report and Recommendation specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue. No objections were filed.[1] On

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. See <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153

**KIMBLE V. USA**                                              **1:07CV104**
                                                               **1:06CR21-2**

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

June 30, 2008, however, the Court received a request for a certificate of appealability from Kimble (dkt. no. 89 in 1:06cr21-2), in which she states that she wishes to appeal the denial of her § 2255 petition.

Although Kimble failed to file specific objections to the R&R, the Court construes her request for a certificate of appealability as an objection, and accordingly reviews the R&R de novo. Because Magistrate Judge Kaull correctly applied the Strickland test to Kimble's claims of ineffective assistance of counsel, and because Kimble fails to dispute the Government's claim that she was, in fact, served with the search warrant, or to refute the Property Receipt which she signed at the time of the execution of the search warrant, the Court finds no error in the Magistrate Judge's R&R.

For these reasons, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 88 in 1:06cr21-2, and dkt. no. 14 in 1:07cv104), **DENIES** the motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 71 in 1:06cr21-2 and dkt. no. 1 in 1:07cv104) and **ORDERS** Kimble's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

In addition, the Court now addresses Kimble's request for a

---

(1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

certificate of appealability in light of its decision to deny her § 2255 petition. Under 28 U.S.C. § 2253(c)(1)(B), an appeal from the final order in a proceeding under section § 2255 may not be taken to the circuit court of appeals unless a circuit judge issues a certificate of appealability. This certificate may be issued only if the applicant has made a "substantial showing" that a constitutional right has been denied. 28 U.S.C. § 2253(c)(3).

In this case, as discussed above, Kimble failed to object to the Magistrate Judge's R&R, and she provides no argument in her request for a certificate. Consequently, the Court finds that Kimble has not made a "substantial showing" that her constitutional rights have been violated, and therefore **DENIES** her "Motion for Certificate of Appealability" (dkt. no. 89 in 1:06cr21-2).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: October 17, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE